IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL ROBEY,

    Plaintiff,

v.                                    Civil Action No:

                                        Judge

RENT-A-CENTER EAST, INC.,

    Defendant.                    (Jury Trial Requested)

_____/

## COMPLAINT

Rent-A-Center East, Inc., retaliated against Plaintiff Michael Robey when it terminated him for complaining of racial discrimination in the workplace. Two working days after complaining to his district manager that fellow store managers were using racist language, Mr. Robey was told he was being demoted and placed at a different store in another city. Mr. Robey refused to accept the demotion and was terminated. Thus, he brings this complaint of race-based retaliation in violation of Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act, and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

1. This is an action for declaratory and monetary relief caused by Defendant's violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Tennessee Human Rights Act, § 4-21-101 *et seq.* ("THRA"), and 42 U.S.C. §1981.

2. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

3. Plaintiff complied with all conditions precedent to the filing of his claims pursuant

1

to 42 U.S.C.§2000e *et seq.*, to wit: a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. The EEOC issued Plaintiff a Notice of Right to Sue, and this action was commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

4. Plaintiff Michael Robey ("Mr. Robey"), an African American male, is a former employee of Rent-A-Center East, Inc. Mr. Robey has resided in McMinnville, Warren County, Tennessee at all relevant times.

5. Defendant Rent-A-Center East, Inc. ("Rent-A-Center") is a Delaware Corporation licensed to transact business in Tennessee. Its registered agent is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

6. At all relevant times, Rent-A-Center employed Plaintiff.

7. At all material times, Defendant was an employer as defined by the Tennessee Human Rights Act and Title VII of the Civil Rights Act of 1964.

## FACTUAL BACKGROUND

8. Mr. Robey was hired by Rent-A-Center on May 18, 2021. For the first 90 days, he operated as an Assistant Store Manager. After the 90-day training period, on August 21, 2021, he was placed as Store Manager at Rent-A-Center Store 79, located at 3760A Nolensville Road, Nashville, Tennessee 37211.

9. Mr. Robey worked without incident for the first months of his employment.

10. As Store Manager, he worked in close contact with the other Store Managers in the area.

11. Starting in late Fall of 2021, Mr. Robey began to notice one fellow Store Manager,

Clyde l/n/u, make distasteful and discriminatory remarks. For instance, Clyde, a white man, once told Mr. Robey that he wasn't "cool or black enough to work in [Mr. Robey's] store."

12. On January 27, 2022, Mr. Robey was attending a virtual training with other Store Managers in his area. While watching the training presentation, participants could communicate verbally through a headset, as well as by typing messages in a chat box.

13. Each participant was asked to read or comment on a certain section. While another black Store Manager was speaking, Clyde typed "I have a dream speech lol" into the group chat. Another white Store Manager, Heather l/n/u, commented "that was my thought too."

14. Mr. Robey replied in the chat, asking "What's that supposed to mean?" After that comment, the District Manager Rajiv Rajapaska, who was leading the training, verbally told everyone to focus back on the presentation.

15. As soon as the training ended, Mr. Robey called Mr. Rajapaska and asked if Mr. Rasjapaska had seen the discriminatory comments on the chat. Mr. Robey told Mr. Rajapaska the comments were racist and made him angry and uncomfortable. Mr. Rajapaska told Mr. Robey he would look into it.

16. The next day, Friday, January 28, Mr. Rajapaska worked at Mr. Robey's store for the day. At the end of the day, Mr. Robey asked Mr. Rajapaska if he had looked into the remarks or spoken with Clyde. Mr. Rajapaska said he was going to talk to Clyde the following week.

17. On Monday, January 31, Mr. Rajapaska set a meeting with Mr. Robey. In that meeting, Mr. Rajapaska told Mr. Robey he didn't think Mr. Robey was a good leader and he was being demoted to Assistant Manager in a store in Lebanon, Tennessee. Mr. Robey asked if this was because of his complaints about Clyde's remarks and stated he wouldn't move to the Assistant Store Manager position.

18. As Mr. Robey would not accept the demotion, Rent-A-Center terminated him.

## Count I
### (Retaliation- Title VII)

19. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

20. It is the public policy and federal law that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

21. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

22. Contrary to the public policy and federal law, as well as in violation of Title VII, Defendant retaliated against Plaintiff by demoting him to Assistant Store Manager and terminating him when Plaintiff refused to accept the retaliatory demotion.

23. These adverse employment actions were in retaliation for the exercise of his rights to oppose racial discrimination in the workplace.

24. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT II
### (Retaliation – THRA)

25. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

26. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

27. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

28. Contrary to the public policy and state law, as well as in violation of the THRA, Defendant retaliated against Plaintiff by demoting him to Assistant Store Manager and terminating him when Plaintiff refused to accept the demotion.

29. These adverse employment actions were in retaliation for the exercise of his rights to oppose racial discrimination in the workplace.

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT III
**(Retaliation - 42 U.S.C. § 1981)**

31. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

32. Plaintiff had a contractual relationship with his employer.

33. It is the public policy and law of the United States that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

34. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under 42 U.S.C. § 1981.

35. In violation of 42 U.S.C. § 1981, Defendant demoted and ultimately terminated Plaintiff's employment in retaliation for exercising his rights under 42 U.S.C. § 1981.

36. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests:

1. A jury trial;

2. Declaratory relief that Defendant violated Plaintiff's Civil Rights;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive Damages;

5. Attorneys' fees and expenses;

6. Prejudgment interest and, if applicable, post-judgment interest; and

7. Such other and further legal or equitable relief to which he may be entitled under the law.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR# 026099
Caroline Drinnon BPR# 037016
Ashley S. Walter BPR #037651
HMC Civil Rights Law PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com